United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WENLE XU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-2736 |
| | § | |
| UNITED STATES DEPARTMENT OF STATE, *et. al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

ORDER

Pending before the Court is Defendants' Motion to Dismiss (Document No. 7). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

I. BACKGROUND

This is an immigration matter. Plaintiff Wenle Xu ("Plaintiff") is a Chinese citizen. Plaintiff contends that he is the beneficiary of an approved nonimmigrant visa. Plaintiff alleges that, after paying all applicable fees and submitting all necessary documents, the United States Department of State, U.S. Embassy in Beijing, China, Marco Rubio, and David Perdue (collectively "Defendants") have refused to issue "the non-immigrant visa stamp to Plaintiff."[1]

---

[1] *Plaintiff's Complaint*, Document No. 1 at 2.

Based on the foregoing, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asserting claims against Defendants for "agency action unlawfully withheld and unreasonably delayed" and "violation of right of due process[.]"[2] Plaintiff seeks a writ of mandamus from this Court compelling Defendants "to promptly complete all administrative processing within sixty days[.]"[3] On June 19, 2026, Defendants jointly filed their motion to dismiss.[4] On July 10, 2026, Plaintiff responded in opposition.[5]

## II. STANDARD OF REVIEW

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

---

[2] *Plaintiff's Complaint*, Document No. 1 at 4, 5.

[3] *Plaintiff's Complaint*, Document No. 1 at 6.

[4] *See Defendants' Motion to Dismiss*, Document No. 7 at 1.

[5] *See Plaintiff's Opposition to Defendants' Motion to Dismiss*, Document No. 8 at 1.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendants contend, in relevant part, that Plaintiff's action should be dismissed because "[t]he Court lacks subject matter jurisdiction, because Plaintiff's visa application was denied by a consular officer, and his claims are therefore moot."[6] In response, Plaintiff contends that this Court does have subject matter jurisdiction because the claims are not moot.[7] Federal courts do not have authority over moot claims, that is claims where "a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) (citation omitted).

Here, Defendants contend that this Court cannot compel the adjudication of Plaintiff's visa because a consular officer already denied the visa application.[8] In response, Plaintiff contends that the consular officer's decision in this matter was not final, and thus, that the claims are not moot.[9] The Court notes that, in this current matter, the consular officer refused Plaintiff's application for a visa.[10]

---

[6] *Defendants' Motion to Dismiss*, Document No. 7 at 4.

[7] *See Plaintiff's Opposition to Defendants' Motion to Dismiss*, Document No. 8 at 8.

[8] *Defendants' Motion to Dismiss*, Document No. 7 at 5.

[9] *See Plaintiff's Opposition to Defendants' Motion to Dismiss*, Document No. 8 at 8.

[10] *See Defendants' Motion to Dismiss*, Document No. 7 at 4.

Accordingly, Defendants contend that Plaintiff's visa application has been fully adjudicated, and thus, that the claims are moot because this Court cannot compel adjudication when it has already been completed.[11] In support of this contention, Defendants rely on several cases, including one from this Court, in which the Court has held that a refusal of a visa is final adjudication. *See Nosrati v. Allen*, No. H-24-3107, 2025 WL 2774395, at *2 (S.D. Tex. Sept. 25, 2025) (holding that the Plaintiff's claims were mooted when an application was already refused by a consular officer) (Hittner, J.); *see also Khosravi v. United States Dep't of State*, No. CV 24-4221, 2025 WL 987201, at *2 (S.D. Tex. Apr. 2, 2025) ("no district court within the Fifth Circuit similarly holds that a consular officer's refusal of a visa is not final[.]") (Rosenthal, J.).

Nonetheless, in response, Plaintiff appears to contend that this Court should apply the holdings of non-binding courts and find that the officer's refusal in this matter was not final, and thus, does not moot the claims.[12] The Court notes that as

---

[11] *See Defendants' Motion to Dismiss*, Document No. 7 at 4–5.

[12] *See Plaintiff's Opposition to Defendants' Motion to Dismiss*, Document No. 8 at 8 ("See, e.g., *Nusrat v. Blinken*, 2022 WL 4103860, at *5 (D.D.C. Sept. 8, 2022). See also *Awal v. U.S. DOS et al.*, 2024 WL 4979661, at *9 (D. Minn. Dec. 4, 2024) ('when an application is in administrative processing, there has been no final decision, and the agency still has an obligation to adjudicate the application in a timely manner'); *Sharifi v. Blinken*, No. 23-cv-5112, 2024 WL 1798185, at 3-5 (E.D.N.Y. Apr. 25, 2024) ('a decision under Section 221(g) was "not a final agency decision"')[.]").

previously mentioned, this Court has plainly rejected that contention. Based on the foregoing, and the consistent authority within the Southern District of Texas that the refusal of a visa is a final decision, the Court finds that the officer's decision here was final and that Plaintiff's visa application has been fully adjudicated. Accordingly, the Court finds that this matter does not present a live controversy, and thus, that Plaintiff's claims are moot.[13] As such, the Court finds that it lacks subject matter jurisdiction and that Defendants' motion should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss (Document No. 7) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against all Defendants are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this 28 day of August, 2026.

David Hittner

DAVID HITTNER
United States District Judge

---

[13] Considering the Court's finding that Plaintiff's claims are moot because the officer's decision to refuse the visa application was a final decision, the Court declines to consider Defendants' remaining arguments related to the doctrine of consular nonreviewability and the adequacy of Plaintiff's pleading under Federal Rule of Civil Procedure 12(b)(6).